IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| LONGROAD ASSET MANAGEMENT LLC, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:23-cv-00738-DGK |
| BOILERMAKER-BLACKSMITH NATIONAL PENSION TRUST and JOHN FULTZ, | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER GRANTING IN PART DEFENDANTS' MOTIONS FOR SANCTIONS

This declaratory judgment action arises under the Employee Retirement Income Security Act of 1974 ("ERISA") as amended by the Multiemployer Pension Plan Amendment Act of 1980 ("MPPAA"). The underlying dispute involves Defendants' (or the "Fund") attempt to collect $1,762,249 in withdrawal liability from Plaintiffs. Withdrawal liability is an employer's obligation to pay a proportionate share of a plan's unfunded vested benefits when they withdraw from a multiemployer pension plan. Here, Defendants allege Plaintiffs are in the same controlled group as certain former contributing entities to the Fund and are therefore liable for the withdrawal liability those entities triggered. In response to Defendants' withdrawal liability demand, Plaintiffs filed this action seeking a declaratory judgment that that they are not "employers" under the MPPAA and therefore not subject to withdrawal liability.

Now before the Court is Defendants' motion for attorneys' fees under Federal Rule of Civil Procedure 37. ECF No. 50. Defendants seek $18,625 in expenses incurred in opposing Plaintiffs' attempt to compel discovery responses. Plaintiffs oppose the motion arguing, among other things, that their position was substantially justified.

For the reasons discussed below, the motion is GRANTED IN PART and DENIED IN PART.

**Standard**

Federal Rule of Civil Procedure 37(a)(5)(B) states, in relevant part, that if the Court denies a motion to compel discovery, it can "require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B).

The Court, however, cannot award reasonable expenses "if the motion was substantially justified or other circumstances make an award of expenses unjust." *Id.* To be substantially justified, "the position must have reasonable basis both in law and fact." *Conklin v. Astrue*, 282 F. App'x 488, 489 (8th Cir. 2008) (citation and quotations omitted).

**Background**

On October 21, 2024, Plaintiffs informed the Court via email that they had a discovery dispute related to seven interrogatories they propounded. The interrogatories fell into two categories: (1) discovery related to former contributing entities to the Fund; and (2) Plaintiffs' affirmative defense of laches. The Court scheduled a telephone conference and ordered the parties to file briefs outlining the dispute and their relative positions. After reviewing the parties' briefs, the Court canceled the hearing and ruled in Defendants' favor holding they did not need to supplement their interrogatory answers. *See* Order, ECF No. 46. The Court found the interrogatories sought information related to the merits of Defendants' withdrawal liability demand, which are issues subject to mandatory arbitration under ERISA.

2

## Discussion

### I. Rule 37(a)(5)(B) applies to this discovery dispute.

As an initial matter, the parties disagree over whether Defendants' motion is subject to Rule 37(a)(5)(B)'s fee shifting provision. Specifically, Plaintiffs contend the fee shifting provision only applies to formal motions to compel, which they did not file.

Plaintiffs' argument is unavailing. Defendants' motion clearly falls within Rule 37's purview. Both the Federal Rules of Civil Procedure and this district's Local Rules emphasize the importance of resolving discovery disputes "without court action." Fed. R. Civ. P. 37(a)(1); L.R. 37.1(a)(1). And the Local Rules set out the procedure that parties must follow before filing a formal motion to compel. *See* L.R. 37.1(a)(1)–(2). These steps include seeking a telephone conference with the presiding judge, which Plainitff did in this case. *See id.*

To streamline the discovery dispute process, the undersigned requires the parties to submit briefs describing "the underlying facts of the dispute, the party's arguments relative to the dispute, and a discussion of the opposing party's anticipated arguments." Scheduling and Trial Order at 3, ECF No. 13. In doing so, the Court informs the parties that it may cancel the telephone conference and resolve the discovery dispute on the briefs. The Court's ruling either compels or shields disclosure, which, as a practical matter, produces the same result as a formal motion to compel. This procedure is appropriate, subject to Rule 37(a)(5)(B)'s fee shifting provision, and supported by case law. *See Int'l Painters & Allied Trades Indus. Pension Fund v. Niles Indus. Coatings, LLC*, No. 1:20-CV-00619-RDB, 2023 WL 6619371, at *3 (D. Md. Oct. 11, 2023) (collecting cases).

Because Rule 37(a)(5)(B)'s fee shifting provision applies, the Court next considers whether Defendants are entitled to reasonable expenses.

3

## II. Defendants are entitled to reasonable expenses.

### A. Plaintiffs' position was not substantially justified.

Defendants argue that Plaintiffs' attempt to compel supplemental responses to their interrogatories was not substantially justified. Plaintiffs contends their position had a reasonable basis both in law and fact.

Plaintiffs' arguments are unpersuasive. As to the first category of interrogatories, Defendants' initial demand letter provided Plaintiffs with the necessary information to determine whether they were in a controlled group with the former contributing entities. Plaintiffs' briefing did not provide any reason for why they needed more detailed information. As to the second category of interrogatories, Plaintiffs failed to articulate how the information was relevant to determining if they were in a controlled group with the former contributing entities. Moreover, they failed to cite any legal authority to support their argument that the affirmative defense laches is not subject to ERISA's mandatory arbitration provision.

On this record, Plaintiffs' position lacked a reasonable basis both in law and fact.

### B. No other circumstance makes an award of expenses unjust.

Defendants argue there are no other circumstances making an award unjust. Plaintiffs contend that the lack of controlling caselaw on the issues makes an award of expenses unjust.

Plaintiffs' argument is unavailing. The discovery dispute was not complex. It boiled down to whether the discovery sought was relevant to Plaintiffs' status as an employer, or whether it was relevant to the merits of the withdrawal liability demand. Those determinations were straightforward and supported by Eighth Circuit caselaw.

**III.     Plaintiffs shall pay Defendants $7,895 in reasonable attorneys' fees.**

Defendants seek $18,625 in attorneys' fees related to briefing the discovery dispute and the preparing the instant motion for attorneys' fees. Plaintiffs do not dispute the hourly rates, or the time spent on the discovery dispute. They only dispute whether Defendants can recover for the time spent preparing this motion.

Courts, including this one, regularly include the cost of bringing a motion for attorneys' fees in the sanction amount. *See Rightchoice Managed Care, Inc. v. Hosp. Partners, Inc.*, No. 5:18-CV-06037-DGK, 2023 WL 7311202, at *2 (W.D. Mo. Nov. 6, 2023). Accordingly, Defendants can recover these costs.

Because Defendants proved their entitlement to fees under Rule 37(a)(5)(B), the Court must determine what were the "reasonable expenses incurred in opposing the motion." Fed. R. Civ. P. 37(a)(5)(B). To determine the "reasonable" amount of attorneys' fees, the Court consults the lodestar calculation method. *Farmers Co-op Co. v. Senske & Son Transfer Co.*, 572 F.3d 492, 500 (8th Cir. 2009). This calculation is the multiplication of "a reasonable number of hours for work performed by a reasonable hourly rate." *Id.* The Court may then "adjust the amount based upon the particular circumstances of the case." *Id.*

As for Defendants' hourly rates, there is no dispute they are reasonable. The shareholders have rates ranging from $300 to $350, and the paralegal has a rate of $200. *See Gerling v. Waite*, No. 4:17-CV-02702 JAR, 2022 WL 558083, at *2 (E.D. Mo. Feb. 24, 2022); *InfoDeli, LLC v. W. Robidoux, Inc.*, No. 4:15-CV-00364-BCW, 2021 WL 1750892, at *5 (W.D. Mo. Mar. 31, 2021); *Letterman v. Burgess*, No. 5:12-CV-06136-NKL, 2016 WL 797601, at *3 (W.D. Mo. Feb. 26, 2016).

Next, the Court considers whether the hours sought were reasonably expended. Although Plaintiffs did not contest this point, the Court finds the total number of hours Defendants are seeking compensation for to be excessive. Based on the billing summaries provided, Defendants spent 42.4 hours briefing the discovery dispute, and 14.1 hours preparing the instant motion for attorneys' fees: they seek to recover a total of 56.5 hours of work. Considering the straightforwardness of this dispute, this is not a reasonable amount of time to spend. The Court finds 24 hours was a reasonable amount of time to spend.

This leads the Court to a reasonable attorneys' fees total of $7,895.[1] Plaintiffs shall make this payment within thirty (30) days of this Order.

## Conclusion

For the foregoing reasons, Defendant's motion is DENIED IN PART and GRANTED IN PART.

**IT IS SO ORDERED.**

Date:  April 1, 2025  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT

---

[1] The calculation is as follows: (Scott R. Leah, 13.8 x $350 = 4,830) + (Brian A. Pepicelli, .9 x $350 = $315) + (Ian M. Grecco, 8.9 x $300 = $2,670) + (Lori Buckreis, .4 x $200 = $80) = $7,895.