IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| LONGROAD ASSET MANAGEMENT LLC, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:23-cv-00738-DGK |
| BOILERMAKER-BLACKSMITH NATIONAL PENSION TRUST and JOHN FULTZ, | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER ADOPTING CALCULATION OF DAMAGES

This lawsuit arises under the Employee Retirement Income Security Act of 1974 ("ERISA") as amended by the Multiemployer Pension Plan Amendment Act of 1980 ("MPPAA"). On February 3, 2023, Defendant Boilermaker-Blacksmith National Pension Trust (the "Fund")[1] sent a demand letter to Plaintiffs Longroad Asset Management, LLC ("LAM"), Longroad Capital Partners III, LP (the "Limited Partnership"), and Longroad Partners III GP, LLC (the "General Partner"), seeking $1,762,249 in withdrawal liability that Plaintiffs allegedly incurred when certain former employers withdrew from the Fund. Plaintiffs brought an action on October 13, 2023, for a declaration that they were not "employers" for purposes of the MPPAA's withdrawal liability provision, and were therefore not liable to the Fund. ECF No. 1. The Fund asserted a counterclaim for the withdrawal liability identified in their demand letter, arguing that Counterclaim Defendants are required by ERISA's "pay now, dispute later" rule, 29 U.S.C. § 1399(c)(2), to make payments

---

[1] Defendant John Fultz was added to the case as a fiduciary of the Fund for purposes of the Fund's counterclaim in accordance with the requirements of 29 U.S.C. § 1451(a). ECF No. 24.

on their alleged withdrawal liability even as they challenge the Fund's assessment against them. ECF No. 8. The Fund also asserted a right to collateral damages under 29 U.S.C. § 1132(g)(2).

Both sides moved for summary judgment on the issue of whether Plaintiffs are "employers" under the MPPAA. ECF Nos. 95, 99, 102, 104. The Court found that Plaintiff Limited Partnership is an "employer" for purposes of the MPPAA's withdrawal liability provision but that Plaintiffs LAM and the General Partner are not. ECF No. 124. Accordingly, the Court granted LAM's and the General Partner's motions, denied the Limited Partnership's motion, and granted in part and denied in part Defendants' motion. The Court further ordered Defendants to file a motion calculating the amount of damages owed to the Fund under Defendants' counterclaim. That motion is now before the Court. ECF No. 126. Plaintiff Limited Partnership does not oppose it. ECF No. 128.

Upon review of Defendants' accounting and the attached documentation, the Court concludes that Defendants have accurately calculated the Limited Partnership's withdrawal liability, including interest, and that the award of other collateral damages sought is reasonable given the experience of the Defendants' attorneys, the contentiousness and complexity of this litigation, and the results obtained.

The Court therefore adopts the Defendants' accounting of damages, ECF No. 127. The Fund is entitled to recover from the Limited Partnership $2,958,877.76. This amount represents the following:

1. $1,770,016.46 representing delinquent withdrawal liability payments.
2. $262,162.45 representing interest on unpaid withdrawal liability payments through September 3, 2025.

3. $12,560.02 representing interest on unpaid withdrawal liability payments September 4, 2025, through October 10, 2025.

4. $354,003.29 representing liquidated damages.

5. $537,608.00 representing attorneys' fees.

6. $22,527.54 representing reasonable costs.

**IT IS SO ORDERED.**

Date: October 10, 2025 /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT